IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20540
Summary Calendar
_____


MARY ALMENDAREZ,                                    Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF
LABOR, LAWRENCE W ROGERS MARILYN FELKNER, JOE OLIMPIO,
                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-93-3797)
_____

February 8, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.

FORTUNATO P. BENAVIDES[*]:

     Plaintiff-Appellant Mary Almendarez ("Almendarez") appeals the
district court's granting of Defendants-Appellees' motion for
summary judgment on Almendarez's retaliation claim based on her
failure to raise a fact issue on pretext. Finding that Almendarez
has failed to make a showing sufficient to raise a genuine issue of
material fact that Defendants-Appellees' legitimate,
nondiscriminatory reason for not promoting her was pretextual, we
affirm.

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

I.

This appeal arises out of a Title VII action filed by Almendarez, alleging employment discrimination based on national origin and sex, and retaliation for having filed previous employment discrimination complaints. Almendarez, a Hispanic female employed by the United States Department of Labor as a GS-12 claims examiner in the Houston District Office of Workers' Compensation Programs, applied for a GS-13 district director position along with four others in 1991.[1] After oral interviews were complete, Almendarez was informed that Chris Gleasman ("Gleasman"), a white male, was selected for the district director position. Prior to the time that she filed her application for the district director position, Almendarez had filed three employment discrimination complaints.

After learning that Gleasman had been selected for the district director position, Almendarez filed a formal Equal Employment Opportunity ("EEO") complaint charging sex and national origin discrimination and reprisal for her filing prior EEO complaints. When she received her right to sue letter, Almendarez filed suit in district court against Defendants-Appellees.

Defendants-Appellees filed a motion for summary judgment, which the district court granted. First addressing Almendarez's claim of discrimination based on sex and national origin, the court found that Almendarez had made a *prima facie* case of discrimination

---

[1] Two of the five applicants were disqualified early in the selection process.

based on sex and national origin, and that Defendants-Appellees had proffered a legitimate, nondiscriminatory reason for not promoting Almendarez. The court observed that Almendarez's and Gleasman's education, work experience and work performance were equivalent, but that the selecting official, Carol Fleschute ("Fleschute"), chose Gleasman based on his responses during his personal interview.[2] The court also noted that Fleschute's decision was approved by here own supervisor and the head of the Employment Standards Administration Personnel Division. The court concluded, however, that Almendarez had not raised a genuine issue of material fact that Defendants-Appellees' legitimate, nondiscriminatory reason for promoting Gleasman was pretextual.

Next addressing Almendarez's retaliation claim, the district court acknowledged that Fleschute did know of Almendarez's previous EEO complaints, but found that Almendarez failed to provide any evidence from which one could infer that Fleschute objected to or resented Almendarez's prior EEO complaints, or that Almendarez would have received the promotion "but for" her prior filings. Almendarez only appeals the district court's decision on her retaliation claim.

## II.

Almendarez argues that the summary judgment evidence clearly shows that her immediate supervisor, Marilyn Felkner ("Felkner"), shared information regarding Almendarez with Fleschute.

---

[2] The court's memorandum and order included thirteen interview responses that made Gleasman a superior candidate for the district director position.

Specifically, Almendarez asserts that the only way Fleschute could have knowledge of her past performance and EEO filings was from Felkner, who Almendarez claims did not like her.

We review the district court's grant of summary judgment *de novo*, applying that same standards as the district court. *Netto v. Amtrack*, 863 F.2d 1210, 1212 (5th cir. 1989) (citing *Ayo v. Johns-Manville Sales Corp.*, 771 F.2d 902, 904 (5th Cir. 1985)). After reviewing the record, we find that Almendarez has failed to raise a genuine issue of material fact tending to show that Fleschute's decision not to promote Almendarez was pretextual. As the district court stated in its memorandum and order, "[s]omething beyond mere knowledge of past events needs to be shown to raise a fact issue that the decision maker has unlawfully applied or used that knowledge in making her employment decision."[3] We find in this case that the mere opportunity Fleschute had to base her decision on Almendarez's previous EEO filings is not sufficient evidence from which a jury could infer that her decision not to promote Almendarez was pretextual. Almendarez has not provided any evidence tending to show that Fleschute's decision was influenced by Almendarez's previous filings. Therefore, we find that Almendarez has failed to raise a genuine issue of material fact on pretext.

---

[3] *See Johnson v. Sullivan*, 945 F.2d 976, 981 (7th Cir. 1991).

III.

For the reasons articulated above, the order of the district court granting Defendants-Appellees' motion for summary judgment is AFFIRMED.